### IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| In re:  Dontriniece L. Knox | Case No. 17-73553-FJS |
| Debtor. | Chapter 7 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES**, Jessica Lynch**, ("**Plaintiff**") by counsel and hereby moves for Relief from the Automatic Stay (the "**Motion**") pursuant to Section 362(d) of the Bankruptcy Code in order to liquidate her personal injury claim and collect from applicable insurance proceeds. In support of the Motion, the Plaintiff respectfully states as follows:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 and Federal Rule of Bankruptcy Procedure 9014.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (G), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

### Facts

4. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on October 3, 2017.

5. Tom Smith was appointed trustee and filed his Chapter 7 Trustee's Report of No Distribution on December 11, 2017.

6. The Debtor received a discharge on January 16, 2018.

Jennifer T. Langley, Esq. (VSB# 81454)
INMAN & STRICKLER, P.L.C.
575 Lynnhaven Parkway, Suite 200
Virginia Beach, Virginia 23452
Tel: 757-486-7055
Fax: 757-431-0410
jlangley@inmanstrickler.com
*Counsel for Plaintiff*

7. The bankruptcy case was closed on January 22, 2018.

8. Plaintiff's Motion to Reopen Case [Dk. No. 16] was filed on January 22, 2019, a hearing on the Motion to Reopen was held on April 2, 2019 [Dk. No. 21], and an Order granting Plaintiff's Motion to Reopen Case was entered on April 10, 2019 [Dk. No. 22].

9. The Plaintiff, Jessica Lynch, is a resident of Virginia.

10. The Plaintiff suffered personal injuries from a motor vehicle accident involving a vehicle being driven by Dontriniece L. Knox, ("**Debtor Defendant**"). At the time of the accident Debtor Defendant was insured by Progressive Advance Insurance Company ("**Progressive**").

11. Litigation against the Debtor Defendant and Progressive was initiated on January 19, 2018 in the Chesapeake General District Court.

## Discussion

12. Once a debtor files a bankruptcy petition, the automatic stay of 11 U.S.C. § 362(a) stays legal most legal proceedings against the debtor. Nevertheless, the Bankruptcy Code also grants discretion to the bankruptcy courts to lift the stay for cause:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause . . . .

11 U.S.C. § 362(d)(1).

13. The Bankruptcy Code does not define what constitutes "cause," so "courts must determine when discretionary relief is appropriate on a case-by-case basis." See, e.g., Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992) (citations omitted). "[A] desire to permit an action to proceed to completion in another tribunal may provide . . . cause." See In re 210 W. Liberty Holdings, LLC, 400 B.R. 510, 514 (Bankr. N.D.W. Va. 2009) (quoting H.R.

Rep. No. 95-595, at 343 (1977)). Deciding whether to lift the stay is within the discretion of the bankruptcy court. In re Robbins, 964 F.2d at 345 (citing In re Boomgarden, 780 F.2d 657, 660 (7th Cir. 1985)); In re Joyner, 416 B.R. 190, 191 (Bankr. M.D.N.C. 2009).

14. In determining whether to grant relief from the automatic stay, courts "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." In re Robbins, 964 F.2d at 345 (citing Peterson v. Cundy (In re Peterson), 116 B.R. 247, 249 (D. Colo. 1990)). The Fourth Circuit has enumerated factors to consider when determining whether to lift the automatic stay to allow a creditor to continue pending litigation in a different forum: (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. In re Robbins, 964 F.2d at 345; see also In re Joyner, 416 B.R. at 191-92. "While Congress intended the automatic stay to have broad application, the legislative history to [S]ection 362 clearly indicates Congress' recognition that the stay should be lifted in appropriate circumstances." In re Robbins, 964 F.2d at 345

15. In this case, (1) the issues in the pending litigation involve only state law claims, more specifically personal injury tort claims against the Debtor Defendant, so such a cause of action does not involve any issues of bankruptcy law, and therefore, does not require the expertise of this Court; (2) modifying the stay will promote judicial economy because the negligence action would have to be litigated in the Bankruptcy Court, because both parties have

already poured resources into prosecuting and defending against the underlying claim in state court and because not lifting the stay would risk fragmented litigation; (3) Debtor Defendant is being defended pursuant to her insurance policy, and that the insurer has retained defense counsel. Debtor Defendant's insurance carrier assumed responsibility for the costs of defending the litigation, so there is no significant burden on the Debtor Defendant or the estate in lifting the stay and allowing the litigation to proceed.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. That relief be granted as to the Debtor pursuant to 11 U.S.C. §362(d);

2. the Movant may proceed in the prosecution of their state court actions against the Debtor Defendant to engage in pre-trial discovery and other trial, preparation proceedings, settlement negotiations, and with the trial of the case and appeal, if any, of the verdict;

3. the Movant may enforce any judgment obtained only to the extent of applicable insurance coverage of the Debtor Defendant;

4. Nothing contained herein shall prejudice the parties' rights, if any, under 28 U.S.C. § 157(b)(5), 28 U.S.C. § 1452, or Federal Rule of Bankruptcy Procedure 9027;

5. That the 14-day stay described in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived; and

6. For such other relief as the Court deems proper.

Dated: May 10, 2019  Respectfully Submitted,

**JESSICA LYNCH**

By: /s/ *Jennifer T. Langley*
Jennifer T. Langley, Esq. (VSB # 81454)
**INMAN & STRICKLER, P.L.C.**
575 Lynnhaven Parkway, Suite 200
Virginia Beach, VA 23452-7350
Telephone:  (757) 486-7055
Facsimile:  (757) 431-0410
Email:  jlangley@inmanstrickler.com
*Counsel for Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

In re:  Dontriniece L. Knox                                                                 Case No. 17-73553-FJS
                          Debtor.                                                                              Chapter 7

## NOTICE OF MOTION AND HEARING

Jessica Lynch has filed papers with the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division (the "**Court**") on May 10, 2019 to obtain relief from the provisions of the automatic stay of the Bankruptcy Code with regard to certain property more particularly described in those papers.

PLEASE TAKE NOTICE that **your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (if you do not have an attorney, you may wish to consult one.)**

PLEASE TAKE FURTHER NOTICE if you do not wish the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, you or your attorney must:

☒    File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)].   If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above,

                                Clerk of Court
                                United States Bankruptcy Court
                                600 Granby Street, Room 400
                                Norfolk, VA 23510

You must also mail a copy to:

                                Jennifer Tennile Langley, Esquire
                                INMAN & STRICKLER, PLC
                                575 Lynnhaven Parkway, Suite 200
                                Virginia Beach, VA 23452

                                Timothy Roy Douglass
                                JOHN W. LEE, P.C.
                                291 Independence Blvd.
                                Suite 530, Pembroke 4
                                Virginia Beach, Virginia 23462

☒    **Attend the preliminary hearing scheduled to be held on _____ at _____a.m. at the United States Bankruptcy Court, 600 Granby Street, Courtroom 1, 4th Floor, Norfolk, VA 23510.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the Motion and may enter an order accordingly.

Dated: May 10, 2019                    /s/ *Jennifer T. Langley*
                                       Jennifer T. Langley (VSB. #  81454)
                                       575 Lynnhaven Parkway, Suite 200
                                       Virginia Beach, VA 23452-7350
                                       (757) 486-7055
                                       *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on May 10, 2019, I mailed, hand-delivered, or electronically transmitted a true copy of the foregoing Notice of Motion and Hearing and Motion for Relief from the Automatic Stay to the parties listed below.

Dontriniece L. Knox
2908 Wingfield Avenue
Apt. #6
Chesapeake, VA 23324-4501
*Debtor*

Timothy Roy Douglass
JOHN W. LEE, P.C.
291 Independence Blvd.
Suite 530, Pembroke 4
Virginia Beach, Virginia 23462
*Counsel for the Debtor*

                                       */s/Jennifer T. Langley*